Slip Op. 11-38

# UNITED STATES COURT OF INTERNATIONAL TRADE

```
-----------------------------------------------------------x
                                                           :
RHI REFRACTORIES LIAONING CO., LTD.,                       :
                                                           :
           Plaintiff,                                      :
                                                           :
           and                                             :
                                                           :
VESUVIUS USA CORPORATION, and                              :
YINGKOU BAYUQUAN REFRACTORIES                              :
CO., LTD.,                                                 :
                                                           :
           Plaintiff-Intervenors,                          :
                                                           :
           v.                                              :
                                                           :
UNITED STATES,                                             :
                                                           :
           Defendant,                                      :
                                                           :
           and                                             :
                                                           :
RESCO PRODUCTS, INC.                                       :
                                                           :
           Defendant-Intervenor.                           :
                                                           :
-----------------------------------------------------------  :   Before:  Judith M. Barzilay, Judge
                                                           :   Court Nos. 10-00307 and 10-00309
RHI REFRACTORIES LIAONING CO., LTD.,                       :
and RHI REFRACTORIES (DALIAN) CO., LTD.,                   :
                                                           :
           Plaintiffs,                                     :
                                                           :
           v.                                              :
                                                           :
UNITED STATES,                                             :
                                                           :
           Defendant,                                      :
                                                           :
           and                                             :
                                                           :
```

| | |
|---|---|
| RESCO PRODUCTS, INC. | : |
| | : |
| Defendant-Intervenor. | : |
| | : |

-----------------------------------------------------------------x

## OPINION & ORDER

[The court grants Plaintiffs' motion to consolidate and motion to stay.]

April 14, 2011

*Iain R. McPhie*, *Ritchie T. Thomas*, *Christine J. Sohar Henter*, and *Christopher A. Williams*, Attorneys, *Squire, Sanders & Dempsey (US) LLP*, for RHI Refractories Liaoning Co., Ltd. and RHI Refractories (Dalian) Co., Ltd.

*Julie C. Mendoza*, *Donald B. Cameron*, *R. Will Planert*, *Brady W. Mills*, and *Mary S. Hodgins*, Attorneys, *Troutman Sanders LLP*, for Vesuvius USA Corporation and Yingkou Bayuquan Refractories Co., Ltd.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director; *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Melissa M. Devine*), and, of counsel, *Whitney M. Rolig* and *Brian R. Soiset*, Attorneys, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for the United States.

*Robert W. Doyle, Jr.*, *Andre P. Barlow*, and *Camelia C. Mazard*, for Resco Products Inc.

Barzilay, Judge:  Plaintiffs RHI Refractories Liaoning Co., Ltd. and RHI Refractories (Dalian) Co., Ltd. ("Plaintiffs") move the court to consolidate No. 10-00307 with No. 10-00309, and to stay the proceeding pending the final resolution of cases currently before the Federal Circuit, *GPX Int'l Tire Corp. v. United States*, Nos. 2011-1107, 2011-1108, 2011-1109 (Fed. Cir. filed Dec. 8, 2010) (collectively, "*GPX Tires*").[1]  *See generally* Pls. Mot. to Consolidate; Pls. Mot. to Stay.  Those appeals stem from a line of cases previously resolved in the Court of

---

[1] For identical reasons, Plaintiff-Intervenors Vesuvius USA Corporation and Yingkou Bayuquan Refractories Co., Ltd. (together, "Vesuvius") agree with Plaintiffs' motions.  *See generally* Vesuvius Resp. to Mot. to Consolidate; Vesuvius Resp. to Mot. to Stay.


International Trade under the same name.  *GPX Int'l Tire Corp. v. United States*, Slip Op. 10-112, 2010 WL 3835022 (CIT Oct. 1, 2010); *GPX Int'l Tire Corp. v. United States*, 34 CIT ___, 715 F. Supp. 2d 1337 (2010); *GPX Int'l Tire Corp. v. United States*, 33 CIT ___, 645 F. Supp. 2d 1231 (2009); *GPX Int'l Tire Corp. v. United States*, Slip Op. 09-11, 2009 WL 362136 (CIT Feb. 12, 2009); *GPX Int'l Tire Corp. v. United States*, 32 CIT ___, 587 F. Supp. 2d 1278 (2008).  In the holding of paramount importance to the present action, the Court determined that the U.S. Department of Commerce ("Commerce" or "the Department") could not simultaneously apply antidumping and countervailing duties to imports from a non-market economy, if the agency derived the former by using the non-market economy antidumping duty calculation methodology and failed to account for the possible imposition of double remedies.  *GPX Int'l Tire Corp.*, 33 CIT at ___, 645 F. Supp. 2d at 1240-46.  Plaintiffs complain that Commerce committed a similar error in the two administrative proceedings presently under review.  Compl. ¶ 20, *RHI Refractories Liaoning Co. v. United States*, No. 10-00307 (CIT filed Nov. 19, 2010); Compl. ¶ 21, *RHI Refractories Liaoning Co. v. United States*, No. 10-00309 (CIT filed Nov. 19, 2010).  Plaintiffs predicate their request to consolidate on purported common questions of law and fact in the antidumping and countervailing duty proceedings, Pls. Mot. to Consolidate 3-6, and the prayer for a stay on three points:  the double remedy claims in Court Nos. 10-00307 and 10-00309 mirror the issues under review at the Federal Circuit in *GPX Tires*, and a decision on those appeals necessarily will affect the case at bar; a stay will preserve judicial resources and help to avoid unnecessary briefing; and the requested stay will not harm or prejudice any party.  Pls. Mot. to Stay 4-7.

**Court Nos. 10-00307 and 10-00309**                                                                                     Page 4

      Defendant United States ("Defendant" or "the Government") and Defendant-Intervenor Resco Products, Inc. ("Resco") oppose the motions and argue, with respect to consolidation, that the cases involve separate issues, statutes, administrative records, and parties,[2] that the number of distinct issues outnumber those in common, that the existence of a single common question – potential double remedies – does not render consolidation appropriate and, therefore, that the court should address each action individually.  Def. Opp'n to Mot. to Consolidate 2-8; Def.-Intervenor Opp'n to Mot. to Consolidate 3-7.  To that effect, Defendant also contends that combining the two actions may cause the court unnecessary confusion, Def. Opp'n to Mot. to Consolidate 3-4, while Defendant-Intervenor avers that Plaintiffs would not suffer injury in the absence of consolidation.  Def.-Intervenor Opp'n to Mot. to Consolidate 8.  On the request to stay, Defendant and Defendant-Intervenor offer the following remarks in opposition:  Plaintiffs' double remedy claim does not track the issues before the Federal Circuit in *GPX Tires*; Court Nos. 10-00307 and 10-00309 involve issues other than the double remedy claims not present in *GPX Tires*, rendering a stay inappropriate; the distinct records in these cases require individual review on the merits; judicial efficiency alone does not warrant a stay; the unknown end date for litigation in *GPX Tires* will cause undue delay in the present case; Plaintiffs will not suffer

---

    [2] Defendant alleges that with the consolidation of these cases, Vesuvius could inappropriately challenge Commerce's countervailing duty determination.  Def. Opp'n to Mot. to Consolidate 5.  This statement overlooks the court's earlier ruling, which found that Vesuvius does not have standing to participate in Court No. 10-00309, the action contesting the subject countervailing duty determination.  *RHI Refractories Liaoning Co. v United States*, Slip Op. 11-12, 2011 WL 335601 (CIT Jan. 31, 2011) (denying Vesuvius's request to participate as plaintiff-intervenor).  Though Defendant's concerns suggest, perhaps inadvertently, that the court will struggle to manage the case and understand the substance of the briefs, the court remains well-aware of the procedural posture and relevant laws in the underlying action, and will limit Vesuvius's briefs to the antidumping duty determination should the case reach the merits.

hardship absent a stay; and Plaintiffs have not demonstrated they likely will succeed on the merits.  Def. Opp'n to Mot. to Stay 5-9; Def.-Intervenor Opp'n to Mot. to Stay 3-8.  For the reasons below, the court grants the motions and consolidates Court No. 10-00307 with Court No. 10-00309 as Consol. Court No. 10-00307, and stays the joint action pending the final resolution of *GPX Tires*.

## I.  Discussion

### A.  The Court Grants Plaintiffs' Motion to Consolidate

Rule 42(a) of the Court permits the consolidation of cases "involv[ing] a common question of law or fact . . . to avoid unnecessary cost or delay."  USCIT R. 42(a).  This rule affords the court "broad discretion to grant or deny" the request.  *Fed.-Mogul Corp. v. United States*, 16 CIT 964, 966, 809 F. Supp. 102, 105 (1992) (citing *Manuli, USA, Inc. v. United States*, 11 CIT 272, 277, 659 F. Supp. 244, 247 (1987)).  Of the factors that the court may consider in reaching its decision when two cases involve common legal or factual threads, judicial economy sits chief among them.  *See id.*; *Manuli, USA, Inc.*, 11 CIT at 278, 659 F. Supp. at 248.

The court grants Plaintiffs' request to consolidate Court Nos. 10-00307 and 10-00309 as Consol. Court No. 10-00307.  The unifying issue in the action – double remedies – necessarily touches upon common questions of law and fact inherent in both administrative proceedings under review.  The resolution of this question necessarily determines how the proceedings will continue and which antidumping and countervailing duty questions will remain after the Federal Circuit acts in *GPX Tires*.  Defendant and Defendant-Intervenor exaggerate the problems that may arise as a result of consolidated litigation.  That this question potentially may require

**Court Nos. 10-00307 and 10-00309**                                                           Page 6

examination of two separate statutory regimes does not undercut the court's ability to complete a proper analysis. Moreover, while the cases involve separate questions, administrative records, and parties, the court easily can avoid any perceived confusion through a carefully crafted scheduling order that clearly identifies the relevant record and states which parties may participate in the discussion on the particular question. Finally, a streamlined resolution of the chief issue will facilitate judicial economy and prevent unnecessary, duplicate briefing.

**B. The Court Grants Plaintiffs' Motion to Stay**

The Supreme Court long ago stated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord Diamond Sawblades Mfrs.' Coal. v. United States*, Slip Op. 10-40, 2010 WL 1499568, at *2 (CIT Apr. 15, 2010). The decision when and how to stay a proceeding rests "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted). However, the court risks abusing that discretion if it fails to "weigh the competing interests and maintain an even balance, giving due consideration to the interests of the litigants, the court, and the public." *Diamond Sawblades Mfrs.' Coal.*, 2010 WL 1499568, at *2 (citing *Tak Fat Trading Co. v. United States*, 24 CIT 1376, 1377 (2000) (not reported in F. Supp.)) (quotation marks omitted); *accord Cherokee Nation of Okla.*, 124 F.3d at 1416. Normally, the party requesting a stay must clearly identify the "hardship or inequity" in moving forward with the case "if there is even a fair possibility that the stay . . . will work damage to some one else."[3] *Landis*, 299 U.S. at 255.

---

[3] Defendant suggests that the court should assess Plaintiffs' stay request under the four prong test established by the Supreme Court in *Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009)

However, "[a]bsent a showing that there is at least a fair possibility that the stay will work damage to some one else, there is no requirement that [the movant] make a strong showing of necessity or establish a clear case of hardship or inequity to warrant the granting of the requested stay." *An Giang Agric. & Food Imp. Exp. Co. v. United States*, 28 CIT 1671, 1677, 350 F. Supp. 2d 1162, 1167 (2004) (internal quotation marks & ellipses omitted) (citing *Landis*, 299 U.S. at 255; *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

The court concludes that conditions favor a stay pending a final decision by the Federal Circuit in *GPX Tires*. "A court may properly determine that it is efficient for its own docket and the fairest course for the parties to enter stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Diamond Sawblades Mfrs.' Coal.*, 2010 WL 1499568, at *2 (citation & quotation marks omitted). The double remedies issue serves as the keystone that will dictate the future course of the litigation. Because briefing already has commenced in *GPX Tires* and the delay will not continue for an indefinite period, a stay will

---

("(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."). Def. Opp'n to Mot. to Stay 3-5. In that opinion, the Supreme Court articulated the appropriate test that a federal appellate court should use to determine whether to hold a final order in abeyance while it evaluates the legality of that order. *Nken*, 129 S. Ct. at 1756-57, 1760-61. This case presents facts that render *Nken* inapplicable. Unlike the movant in *Nken*, Plaintiffs do not wish to delay the effect of the underlying antidumping and countervailing duty orders, for the Government may continue to enforce the orders, and collect the duties and related cash deposits; instead, applicants merely wish to temporarily suspend "the conduct or progress of litigation before the court," *id.* at 1758 (citations, quotation marks & brackets omitted), so that the Federal Circuit may resolve novel and complex questions that necessarily will affect the viability of their claims. For these reasons, the court declines to use the test in *Nken* to review Plaintiffs' request.

promote judicial economy and preserve the resources of the parties and the court. For example, if the Federal Circuit upholds the Court's analysis of the double remedy issue, it may render moot the questions related to the countervailing duty proceeding. A different result from the Federal Circuit could cause Defendant to request a voluntary remand and, thus, metamorphose any intermediate decision of this court into a superfluous moot opinion, or at the very least complicate any appeal from this court. Moreover, Plaintiffs repeatedly have represented that they likely will not pursue their claims if the Federal Circuit renders an opinion adverse to their interests on the double remedy question. Pls. Mot. to Stay 4, 6; Joint Status Report 7, *RHI Refractories Liaoning Co. v. United States*, No. 10-00309 (CIT filed Feb. 8, 2011). On the other hand, Defendant and Defendant-Intervenor have not stated that they will suffer harm as a result of a stay,[4] *see generally* Def. Opp'n to Mot. to Stay; Def.-Intervenor Opp'n to Mot. to Stay, and the court previously explained that a stay would not affect the Government's ability to enforce the orders or collect the relevant duties and cash deposits. Finally, staying the case would best serve the public by allowing the Federal Circuit to render an authoritative decision on the double remedy issue. To permit otherwise, especially in view of the importance of the double remedy issue and its effect on the antidumping and countervailing duty schemes, would allow for potentially disparate judicial opinions to cloud the legal marketplace and undermine Congress's

---

[4] Notably, the Government cannot claim that the current situation will "compel it to stand aside while a litigant in another case settles the rule of law that will define the rights of both," as the United States participates as a party in both *GPX Tires* and this case. *An Giang Agric. & Food Imp. Exp. Co.*, 28 CIT at 1675 n.5, 350 F. Supp. 2d at 1166 n.5 (citation, quotation marks & brackets omitted).

vision of the Court as the body that provides uniform review of the nation's international trade laws.

## II.  Conclusion

For the foregoing reasons, the court hereby

**ORDERS** that Plaintiffs' motion to consolidate is **GRANTED**;

**ORDERS** that, pursuant to USCIT R. 42(a), Court Nos. 10-00307 and 10-00309 are consolidated into a single action as Consol. Court No. 10-00307;

**ORDERS** that Plaintiffs' motion to stay is **GRANTED;**

**ORDERS** that Consol. Court No. 10-00307 is stayed pending the final resolution of *GPX Tires*.  Within 30 days of the final disposition of *GPX Tires*, including the resolution of any appeals therefrom, the parties shall file a joint status report and scheduling order which informs the court of their preferred course of action; and further

**ORDERS** that Defendant's motion for entry of scheduling order in Court No. 10-00309 is **DENIED** as moot.

Dated:    April 14, 2011                                                               /s/ Judith M. Barzilay
          New York, New York                                                         Judith M. Barzilay, Judge